UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| A.L.,<br><br>            Plaintiff,<br><br>   v.<br><br>LELAND DUDEK,<br><br>            Defendant. | Case No. 21-cv-06624-VKD<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 21 |

## I.   BACKGROUND

Plaintiff A.L. filed this action for review of an unfavorable decision by the Commissioner of Social Security ("Commissioner").[1]  After the parties stipulated to a voluntary remand, the Court remanded the matter and entered judgment for A.L.  Dkt. Nos. 16-18.  The Court subsequently granted the parties' stipulation to award attorneys' fees in the amount of $9,000 to A.L.'s counsel, Katherine Siegfried, pursuant to the Equal Access to Justice Act ("EAJA").  Dkt. No. 20.  In March 2025, following remand, the Commissioner issued a favorable decision awarding A.L. past-due benefits in the amount of $184,176.  Dkt. No. 21-6; *see also* Dkt. No. 21-2 ¶ 6; Dkt. No. 21-3 ¶ 4.

Ms. Siegfried now moves for attorneys' fees pursuant to 42 U.S.C. § 406(b).  Dkt. No. 21.  She seeks an award of $37,844 pursuant to a contingency fee agreement with A.L.  That agreement provides that if A.L. is successful following an appeal, then A.L. "agree[d] that the fee

---

[1] Leland Dudek, the Acting Commissioner of the Social Security Administration, is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

for any appellate work will be up to twenty-five percent (25%) of all back benefits awarded in [his] case." Dkt. No. 21-5; *see also* Dkt. No. 21-2 ¶ 4. Ms. Siegfried states that she will reimburse A.L. for the previous $9,000 EAJA fee award, leaving a net fee award of $28,844. Dkt. No. 21-2; *see also* Dkt. No. 21-3 ¶ 9.

Ms. Siegfried avers that she served A.L. with a copy of the present motion for fees and her accompanying declaration electronically and by U.S. mail. Dkt. no. 21-2 ¶¶ 9-10. Ms. Siegfried has also submitted a declaration from A.L. supporting her fees motion. *See* Dkt. No. 21-3. The Court has received no objection from A.L. The Commissioner filed a response, taking no position on Ms. Siegfried's fees motion. Dkt. No. 23. The motion is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants Ms. Siegfried's motion.

## II.   DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line:

2

Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Ms. Siegfried has demonstrated that the requested fees are reasonable for the services rendered. Her contingency fee agreement with A.L. provides for fees within the 25% limit imposed by § 406(b). Dkt. No. 21-5. Ms. Siegfried is seeking fees in an amount less than 25% of A.L.'s past-due benefits award. She successfully pursued A.L.'s appeal in this Court, and obtained a favorable result in which A.L. received substantial past-due benefits. Dkt. Nos. 21-6; *see also* Dkt. No. 21-2 ¶ 6; Dkt. No. 21-3 ¶ 4. Nothing in the record suggests that Ms. Siegfried's performance was substandard, or that she engaged in dilatory conduct in order to increase the amount of fees to be awarded. The Court finds no instances of undue delay.

Ms. Siegfried's time records, which the Court has reviewed as an aid to the assessment of the reasonableness of the requested fee, indicate that she spent 43.9 hours working on the present appeal. *See* Dkt. No. 21-4. Although those records result in a higher hourly rate than the $500

hourly rate Ms. Siegfried says she currently charges for non-contingency/non-Social Security matters, as discussed above, *Gisbrecht* and *Crawford* make clear that a lodestar analysis does not drive the evaluation of fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149. Moreover, the Court recognizes that Ms. Siegfried assumed a risk of not recovering fees by representing A.L. on a contingency basis since June 2021. *See* Dkt. No. 21-5. There is no indication that at that time, Ms. Siegfried could have known that A.L. would obtain a stipulation and order remanding the case for further proceedings and that, years later, the agency ultimately would find that A.L. was entitled to past-due benefits.

Accordingly, the Court finds that the requested fees are reasonable.

### III. CONCLUSION

Based on the foregoing, Ms. Siegfried's motion for fees pursuant to 42 U.S.C. § 406(b) is granted. The Court awards $37,844 in fees to Ms. Siegfried. Ms. Siegfried shall refund to A.L. $9,000 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: May 5, 2025

Virginia K. DeMarchi
United States Magistrate Judge

4